**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

LEANIDAS BERRIOS, a/k/a Carlos
Gutierres,
  *Defendant-Appellant.*

No. 02-4251

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-01-321-AW)

Submitted: July 19, 2002

Decided: September 3, 2002

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant
Federal Public Defender, Baltimore, Maryland, for Appellant.
Thomas M. DiBiagio, United States Attorney, Odessa P. Jackson,
Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Leanidas Berrios appeals his conviction on one count of possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West 2000). On appeal, Berrios challenges the district court's denial of his motion to suppress a gun seized from his person. Because we conclude that the seizure was valid under *Terry v. Ohio*, 392 U.S. 1 (1968), we affirm.

At the suppression hearing, officers testified that a concerned witness, Mr. Perez, contacted the police to tell them that Berrios, whom Perez believed was wanted by authorities, was armed and at a restaurant. Perez met an officer near the restaurant. Perez gave a physical description of Berrios and the clothing he was wearing, described his car, and described the woman who was accompanying him. Perez, who knew Berrios, informed the officer that Berrios was known to be armed at all times. Perez related the same facts to a sergeant who was called to the scene.

Plain clothes officers went into the restaurant and identified a couple matching the description that Perez had given. Other plain clothes officers then entered the restaurant. Officer Eggener approached Berrios, identified himself as a police officer, directed Berrios to place his hands on the bar, and patted him down for weapons. Officer Eggener retrieved a gun from Berrios' waist area. Berrios was arrested.

We review de novo the district court's denial of a motion to suppress evidence and review factual findings underlying that legal decision for clear error. *United States v. Photogrammetric Data Servs., Inc.*, 259 F.3d 229, 237 (4th Cir. 2001), *cert. denied*, 70 U.S.L.W. 3373 (U.S. Mar. 18, 2002) (No. 01-722). Here, we fully agree that the encounter with Berrios constituted a valid *Terry* search. This was not

a situation involving an uncorroborated, anonymous tip. Instead, a concerned witness, Perez, contacted the police, met them near Berrios' location, and gave detailed descriptions of Berrios, his clothing, his female companion, his car, and his involvement with guns. Perez told the police that Berrios was known to always be armed. Prior to speaking to Berrios, undercover officers were able to determine that Perez had accurately described Berrios. Under these circumstances, we find that the officers had a reasonable, articulable suspicion that criminal activity was afoot, and they were fully justified in conducting a *Terry* stop and pat-down for weapons. *See United States v. Swann*, 149 F.3d 271, 274-75 (4th Cir. 1998).

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*